IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DALE DENNIS MCELVAIN, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1749 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

## ORDER ON DISMISSAL

State inmate Dale Dennis McElvain, proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the denials of his release to parole in 2000, 2002, 2004, and 2007. Petitioner complains that as grounds for the parole denials, the parole review board relied on the factual gravity of his original 1996 aggravated sexual assault offense. Petitioner asserts that the denials of parole violate his constitutional right to parole and his rights regarding double jeopardy, due process, and equal protection.

Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because petitioner is not entitled to habeas relief, this petition will be dismissed.

Parole review under Texas law is committed to the discretion of the parole board and a Texas inmate has no constitutionally protected expectancy of parole; consequently, due process complaints concerning parole procedures or eligibility by Texas inmates do not raise

constitutional concerns whether presented as civil rights or habeas corpus claims. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). Petitioner also fails to state a cognizable equal protection claim because he has not shown that he is a member of a suspect class or that he has been denied a fundamental right. *See Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998). Nor did the parole board violate petitioner's constitutional protection against double jeopardy by denying parole in full or partial consideration of the facts involved in his felony offense. *See Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979).

Because petitioner fails to raise a cognizable habeas claim, the Court will not address the evident limitations and failure to exhaust issues presented by his petition.

Habeas relief is **DENIED** and the petition is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on June 1, 2007.

_____
Gray H. Miller
United States District Judge